# EXHIBIT 2

## PROMISSORY NOTE

**$266,000.00**                                                                                   **November 16, 2021**

FOR VALUE RECEIVED, the undersigned, William Goodwin, a resident of Missouri, and Heartland Sport Cards and Memorabilia LLC, a Missouri limited liability company, (collectively, the "**Payor**") jointly and severally promise to pay to Gerald Sullivan, a resident of Kentucky, (the "**Payee**") the original principal amount of TWO-HUNDRED SIXTY SIX THOUSAND DOLLARS (**$266,000**) by three payments (collectively, the "**Principal Amount**") in the respective amount due and payable to the individual on the date listed below:

1. Ten thousand dollars (**$10,000**) to Payee by November 23, 2021;
2. Two-hundred fifty thousand dollars (**$250,000**) to Payee by December 15, 2021; and
3. Six thousand dollars (**$6,000**) to Husch Blackwell, LLP on behalf of Payee by December 15, 2021.

All payments of Principal Amount and any interest made hereunder shall be made in U.S. Dollars by the Payor by check sent express via FedEx with tracking number provided to Payee and Payee's representative designated in Section 12 or by wire transfer of immediately available funds to an account designated by the Payee for such purpose. If any payment under this promissory note (this "**Note**") is due on a day on which commercial banks are not open for general business in Saint Louis, Missouri ("**Non-Business Day**"), such payment shall be due on the first day immediately succeeding such Non-Business Day on which commercial banks are open for general business in Saint Louis, Missouri.

1. **Prepayment; Interest**: This Note may be prepaid by the Payor at any time in whole or in part without penalty or premium.  Upon or after the occurrence and during the continuation of any Event of Default (as defined herein), interest shall accrue on any due and payable but outstanding portion of the Principal Amount at a rate equal to fifteen percent (15%) per annum or the highest interest rate permissible by law, whichever is lower. All interest shall accrue daily and be computed for the actual number of days elapsed on the basis of a year consisting of three hundred sixty (360) days.

2. **Default**:

    a. The term "**Event of Default**" shall include, without limitation, any failure by the Payor to make any payment of interest or portion of the Principal Amount on this Note when due and payable. The occurrence of an Event of Default shall entitle Payee, at its option, to declare the then outstanding Principal Amount and accrued interest hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon the Payor.

    b. Time is of the essence of this Note.  To the fullest extent permitted by applicable law, the Payor, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Note. Payee's books and records related to amounts owed shall be presumed correct until the Payor establishes the contrary.

3. **Remedies**: Upon any breach of any term or provision of this Note by the Payor or any failure to satisfy any agreement under this Note by the Payor, the Payee may: (a) declare the then outstanding principal balance to be, and the same shall thereupon become, immediately due and payable without notice or demand to the Payor and (b) exercise any and all rights and remedies available to it under applicable law.

4. **Remedies**: No delay or failure by the Payee in the exercise of any right or remedy shall constitute a waiver thereof and no single or partial exercise by the Payee of any right or remedy shall preclude other or future exercise thereof or the exercise of any other right or remedy.

5. **Replacement of Note**: If a mutilated Note is surrendered to the Payor or if the Payee presents evidence to the reasonable satisfaction of the Payor that this Note has been lost or destroyed, the Payor shall issue a replacement note.

6. **Transfer; Amendment**: The Payor shall not be permitted to assign, pledge, sell or otherwise transfer this Note without the prior written consent of the Payee.  This Note may not be amended without the prior written consent of each party hereto.

7. **Illegality**: If any term or provision of this Note or the application thereof to any person or circumstance shall be held invalid, illegal or unenforceable to any extent, the validity, legality or enforceability of all other terms and provisions hereof shall in no way be affected thereby and shall be enforced to the maximum extent permitted by law.

8. **Headings; Construction**: The section headings of this Note are for convenience only and shall not affect the meaning or interpretation of this Note or any provision hereof.  Wherever used in this Note, the singular shall include the plural and the plural shall include the singular, and the use of any gender or the neuter shall include all genders and the neuter.

9. **Governing Law; Successors**: This Note shall be deemed a contract under, and shall be governed by and construed in accordance with, the laws of the State of Missouri without giving effect to principles of conflicts of laws.  This Note shall be binding upon and shall insure to the benefit of the Payee and the Payor and their respective successors.

10. **Waiver of Jury Trial; Consent to Jurisdiction; Waiver of Venue**:

    a. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED HEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY). EACH PARTY HERETO (i) CERTIFIES THAT NO REPRESENTATIVE OF ANY OTHER PERSON, AGENT OR ATTORNEY OF ANY OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (ii) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS NOTE BY, AMONG OTHER THINGS, THE FOREGOING WAIVER.

    b. Each party hereto irrevocably and unconditionally submits to the exclusive jurisdiction of the courts of the State of Missouri sitting in Saint Louis County and the United States District Court of the Eastern District of Missouri, and any appellate court from any thereof, in any action or proceeding arising out of or relating to this Note, or for the recognition or enforcement of any judgment, and each of the parties hereto irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding may be heard and determined in such state court or, to the fullest extent permitted by applicable law, in such federal court.  Each of the parties hereto agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment in any other manner of law.

    Nothing in this Note shall affect any right that the Payee may otherwise have to bring any action or proceeding relating to this Note in the courts of any other jurisdiction.  Each party hereto irrevocable and unconditionally waives, to the fullest extent permitted by applicable law, any objection that it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Note in any court referred to in this Paragraph 10(b). Each of the parties hereto hereby irrevocably waives, to the fullest extent permitted by applicable law, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

11. **Indemnification**:   In any suit, proceeding or action brought by the Payee relating to the recovery of any sum owing with respect hereto or to enforce any rights or claims with respect hereto, the Payor will save, indemnify and keep the Payee harmless from and against all expense (including reasonable attorneys' fees and expenses actually incurred), loss or damage suffered by reason of any claim, defense, setoff, counterclaim, recoupment or reduction of liability whatsoever of the Payor or other person obligated on this Note, arising out of a breach by the Payor of any obligation hereunder or arising out of any other agreement, indebtedness or liability at any time owing to, or in favor of, such obligor or its successors to the Payee (except in the case of the Payee, to the extent such expense, loss, or damage is attributable solely to the willful misconduct of the Payee or any agents of the Payee as finally determined by a court of competent jurisdiction).

12. **Notice**:   All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been given on the date sent by email if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient. Such communications must be sent to the respective parties at the following email addresses (or at such other email address for a party as shall be specified in a notice given in accordance with this Section):

        **If to Payee:**    Michael Martinich-Sauter
        Email: Michael.Martinich-Sauter@huschblackwell.com

        **If to Payor:**    William Goodwin
        Email: billgoodwincards@gmail.com

or to such other email address as may be specified by any party pursuant to written notification thereof, given by such party as required above at least five (5) days prior to the effective date of the change.

*[Signature Page Follows]*

ORAL OR UNEXECUTED AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE, REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN ANY WAY RELATED TO THE CREDIT AGREEMENT. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

IN WITNESS WHEREOF, this Note has been executed by the undersigned as of the date first set forth above.

**PAYEE**:

By:_____
Name:  Gerald Sullivan

**PAYOR**:

By: */s/ Bill Goodwin*
Name:  William Goodwin

**Heartland Sport Cards and Memorabilia LLC**

By:_____
Name: William Goodwin
Title: Authorized Signatory of Heartland Sport Cards and Memorabilia LLC

[Promissory Note Signature Page]

HB: 4880-3321-6003.2