UNITED STATES DISTRICT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| GERALD SULLIVAN,　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | JURY TRIAL DEMANDED |
| 　　　Plaintiff,　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | No. 4:21-cv-01493-JCH |
| v.　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| WILLIAM GOODWIN and　　　　　　) | |
| HEARTLAND SPORTS CARDS　　　　) | |
| AND MEMORABILIA, LLC,　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　Defendants.　　　　　　　) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants William Goodwin (Mr. Goodwin) and Heartland Sports Cards and Memorabilia, LLC (Heartland), answer as follows the Complaint of Plaintiff Gerald Sullivan. Unless otherwise noted, this answer applies to both Defendants.

1. Defendants admit the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants are not contesting subject-matter jurisdiction.

5. Defendants admit that Sullivan has resided in Bowling Green, Kentucky. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6 except for the third one, which they deny.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants are not contesting personal jurisdiction.

9. Defendants are not contesting venue.

10. Defendants are not contesting venue.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and notes that Plaintiff has improperly lumped both Defendants together and disregarded that one is a member of business entity and the other is a business entity.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and note that such allegation calls for Defendants to surmise as to unidentified third parties' states of minds.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and note that Plaintiff has not identified the "at least 33 baseball cards."

17. Defendants admit only that cards of Jackie Robinson, Sandy Koufax, Mickey Mantle, Ty Cobb, Honus Wagner, and Babe Ruth may be valuable. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18 and state that Mr. Goodwin was not a party to the Consignment Agreement with Heartland.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants state the Exhibit 1 is the best evidence of its written terms and deny any allegations that do not accurately quote from the document.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22 as to Mr. Goodwin and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 as to Heartland.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26. Answering further, Defendants state that Mr. Goodwin was not a party to the Consignment Agreement.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and note that Plaintiff has not provided dates of the alleged multiple times since September 4, 2021.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and noted that any obligations under the Consignment Agreement were those of Heartland and not Mr. Goodwin.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and note that no dates are alleged.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and deny that Plaintiff had legal rights against Mr. Goodwin under the Consignment Agreement to which Mr. Goodwin was not a party. Defendants admit that Promissory Note

3

attached as Exhibit 2 is signed by Mr. Goodwin but not by Heartland and not by Plaintiff.

31. Defendants admit that Mr. Goodwin signed the Promissory Note and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32 and note that the Promissory Note is not signed by Heartland and not signed by Plaintiff.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and note that the Promissory Note is not signed by Heartland and not signed by Plaintiff.

35. Defendants deny the allegations in Paragraph 35 and note that the Promissory Note is not signed by Heartland and not signed by Plaintiff.

36. Mr. Goodwin incorporates by reference their answers from all paragraphs above.

37. Defendants the allegations in Paragraph 37 and note that the Promissory Note is not signed by Heartland and not signed by Plaintiff.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38. Answering further, Defendants state that "that payment" appears to reference a payment allegedly due to Plaintiff on Promissory Note that is not signed by Heartland and not signed by Plaintiff.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39. Answering further,

Defendants state that Plaintiff's use of the passive voice in Paragraph 39 is confusing because Plaintiff does not allege who was to pay his law firm and "that payment" appears to reference a payment allegedly due to Plaintiff on a Promissory Note that is not signed by Heartland and not signed by Plaintiff.

40. Defendants admit that they did not pay Plaintiff's law firm $6,000.00 allegedly due on December 15, 2021. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40. Answering further, Defendants note that Promissory Note is not signed by Heartland and not signed by Plaintiff.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants state that the written terms of the Promissory Note are the best evidence of its terms. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, including what allegations, if any, Plaintiff is attempting to encompass by using "[i]n addition."

43. Defendants state that the written terms of the Promissory Note are the best evidence of its terms. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 in part because Promissory Note is not signed by Heartland and not signed by Plaintiff.

44. Defendants, having searched their records, lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

5

45. Defendants deny that they have not responded to that demand because Plaintiff filed suit only five days after December 16, 2021, and this answer is a response. Defendants admits that Defendants have not paid Plaintiff the amount Plaintiff claims is outstanding from Defendants under the Promissory Note, but they dispute Plaintiff's claim.

46. Heartland objects to the attempted incorporation by reference of Count I into Count II. Paragraph 46 is not a short and plain statement of the claim. In addition, it is not "simple, concise, and direct" allegation, as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure.

47. Heartland admits that Heartland and Sullivan entered into a Consignment Agreement on or about May 11, 2021. Heartland lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 because the "[a]s described above" reference is too vague and encompasses 46 paragraphs of allegations, some of which are admitted and some of which are not.

48. Heartland admits that Plaintiff provided cards to Heartland to auction under the terms of Exhibit 1. Heartland lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48. Heartland notes that the 15%-commission language is overwritten in Exhibit 1 and calls for Heartland to receive a '"Buyer's Premium."'

49. Heartland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50. Heartland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51. Heartland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52. Heartland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53. Heartland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54. Defendants object to the attempted incorporation by reference of Counts I and II into Count III. In addition, Paragraph 54 is not a "simple, concise, and direct" allegation, as required by Rule 8(d)(1). To the extent an answer to this paragraph is required, both Defendants incorporate by reference the answers to all paragraphs above as if applicable to both Defendants.

55. Defendants deny that Mr. Goodwin made such a representation as to Mr. Goodwin personally and note that Mr. Goodwin is not a party to Exhibit 1. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and note that Mr. Goodwin is not a party to Exhibit 1.

57. Defendants admit that Plaintiff transferred custody of cards to Heartland. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61 and state that Paragraph 61 is based upon the false premise that Mr. Goodwin was a party to Exhibit 1.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants object to the attempted incorporation by reference of Counts I-III into Count IV. In addition, Paragraph 63 is not a "simple, concise, and direct" allegation, as required by Rule 8(d)(1). To the extent an answer to this paragraph is required, both Defendants incorporate by reference the answers to all paragraphs above as if applicable to both Defendants.

64. Defendants deny the allegations of Paragraph 64 as to Mr. Goodwin and admit as to Heartland.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66. Defendants deny the allegations of Paragraph 66 as to Mr. Goodwin and admit as to Heartland.

67. Defendants deny the allegations of Paragraph 67, which is based on false premises that Mr. Goodwin was a party to Exhibit 1 and that at least $250,000 is due.

68. Defendants deny the allegations of Paragraph 68.

### AFFIRMATIVE DEFENSES

69. Plaintiff failed to state a claim.

70. Plaintiff failed to plead fraud with particularity in Counts III and IV, in violation of Rule 9(b) of the Federal Rules of Civil Procedure.

71. Plaintiff lacks standing and cannot sue Mr. Goodwin under the Consignment Agreement, Pl.'s Ex. 1, because Mr. Goodwin did not sign such agreement. Although Count II is purportedly lodged only against Heartland, Plaintiff has purported to incorporate by reference Count II into Counts III-V.

72. Plaintiff lacks standing to sue under the Promissory Note, Pl.'s Ex. 2, because Plaintiff did not execute such note. The Promissory Note recognizes as much:

> ORAL OR UNEXECUTED AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE, REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN ANY WAY RELATED TO THE CREDIT AGREEMENT. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

73. Plaintiff cannot sue Heartland under sue under the Promissory Note, Pl.'s Ex. 2, because Heartland did not execute such note. The Promissory Note recognizes as much:

> ORAL OR UNEXECUTED AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE, REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN ANY WAY RELATED TO THE CREDIT AGREEMENT. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

74. The statute of frauds precludes recovery for Plaintiff as to the Promissory Note.

75. Defendants acted in good faith. Plaintiff, however, hurriedly filed suit only five days after allegedly providing notice to Defendants of default under

the Promissory Note, thereby providing them insufficient time to attempt to resolve the dispute and avoid this unfortunate litigation.

76. Defendants are entitled to a set-off or credit of sums already paid to Plaintiff.

77. Plaintiff's claim for punitive damages in Counts III and IV should be stricken because Plaintiff has not complied with Missouri Revised Statutes § 510.261.5.

78. Plaintiff is not entitled to recover punitive damages in Counts III and IV because he cannot prove by clear and convincing evidence that Defendants intentionally harmed Plaintiff without just cause or acted with a deliberate and flagrant disregard for the safety of others, as required by Missouri Revised Statutes § 510.261.1.

79. Plaintiff's claim for punitive damages in Counts III and IV violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution—and applicable provisions of the Missouri Constitution—and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch.

## JURY TRIAL DEMAND

Defendants demand a jury trial on all counts to which they are entitled to trial by jury.

WHEREFORE, Defendants William Goodwin and Heartland Sports Cards and Memorabilia, LLC, request dismissal of the Complaint, costs, and any additional relief deemed just and proper.

January 17, 2022

                SCHULTZ LAW GROUP LLC

By: *Ronald J. Eisenberg* (signature)
Ronald J. Eisenberg #48674(MO)
640 Cepi Drive, Suite A
Chesterfield, MO 63005
(636) 537-4645
(636) 537-2599 (Fax)
reisenberg@sl-lawyers.com

*Attorney for Defendants*